UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUANITA STEEL** | **CIVIL ACTION** |
| **VERSUS** | **NO:** 14-0027 |
| **ARI MUTUAL INSURANCE COMPANY, ET AL.** | **SECTION: "S" (4)** |

## ORDER

Before the Court is a **Motion for Contempt (R. Docs. 29)** filed by the Plaintiff, Juanita Steel, against the Defendants, ARI Mutual Insurance Company ("ARI"), Wecontinue Auto Transport, LLC ("Wecontinue"), and Roberto Arroyo. In the instant motion the Plaintiff seeks a court order striking the Defendants' affirmative defense of comparative fault and third party fault, as well as an order striking Roberto Arroyo frofcm the Defendants' witness list pursuant to Federal Rule of Civil Procedure 37. The motion is opposed. *See* R. Doc. 37. The motion was heard for oral argument on Wednesday, May 27, 2015.

### I. Background

This action arises out of a three car collision on July 24, 2013 involving the Plaintiff and Robery Arroyo, Jr., who was driving a Wecontinue vehicle and was allegedly acting within the scope of his employment for Wecontinue at the time of the collision. *See* R. Doc. 1-2, at 4. Plaintiff alleges that she was stopped in her vehicle waiting to enter the impound lot on the property of Insurance Auto Auction when the 18-wheeler truck, driven by Arroyo, collided into the back of her car and pushed her car into the car in front of her. *Id*. Plaintiff alleges that the impact caused her to be thrown about the car resulting in her suffering multiple personal, psychological and emotional injuries. *Id*.

On September 11, 2013, the Plaintiff filed this action against the Defendants in the Civil District Court for the Parish of Orleans alleging negligence and gross negligence. On January 3, 2014 the action was subsequently removed to this Court on diversity grounds.

In the instant motion, the Plaintiff seeks sanctions for the Defendants' failure to honor the terms of the Consent Judgment entered into the record on March 30, 2015 (R. Doc. 25)[1] by failing to produce Arroyo and a Wecontinue corporate representative for depositions. *See* R. Doc. 29. Plaintiff represents that months before the parties agreed to the Consent Judgment, they participated in a pre-trial conference with the District Judge—which occurred on December 18, 2014— and during the pre-trial conference counsel for the Plaintiff made an issue of the fact that Arroyo was listed as a will call witness but had not been made available for deposition. *See* R. Doc. 28-2, at 1. Plaintiff represents that the District Judge instructed defense counsel to make Arroyo available for deposition within the next ten days, however, the deposition never occurred due to the parties' mutual agreement to continue the trial to July 27, 2015. *See id*.

Plaintiff contends that after the trial was continued, she was forced to file a Motion to Compel (R. Doc. 22) due to the Defendants' failure to produce Arroyo and Wecontinue for depositions. *See* R. Doc. 29-1, at 2. Plaintiff represents that the Defendants filed no opposition to the Motion to Compel and agreed to produce the deponents pursuant to the terms of the Consent Judgment, which was filed by the parties on March 30, 2015. *Id.* Plaintiff contends that despite the entry of the Consent Judgment, no apparent efforts were made by defense counsel to make the deponents available on the agreed upon date of May 6, 2015 in Newark, New Jersey. *Id.* at 3. Plaintiff now seeks the entry of an order striking the Defendants' affirmative defenses of comparative fault and third-party fault and striking Arroyo from the Defendants' witness list. *Id.* at 4.

---

[1] The record demonstrates that the Clerk of Court marked the document as "Filed in Error." The Federal District Court of the Eastern District of Louisiana does not honor a practice of accepting "consent judgments."

## II.     Standard of Review

A federal court has the power to sanction a party who has abused the judicial process. The Court's power to sanction derives from two primary sources: (1) the Court's inherent authority and (2) Federal Rule of Civil Procedure ("Rule") 37. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 46, 50-51 (1991); *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

Rule 37 permits the trial court to issue any "just" orders when a party fails to comply with a prior discovery order. Such Orders can include:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)   prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii)  striking pleadings in whole or in part;
> (iv)   staying further proceedings until the order is obeyed;
> (v)    dismissing the action or proceeding in whole or in part;
> (vi)   rendering a default judgment against the disobedient party; or
> (vii)  treating as contempt of court the failure to obey any order except an order

Fed. R. Civ. P. 37(b)(2)(A).

Furthermore, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

In considering the appropriate sanctions, "[t]he reviewing court may also consider whether the discovery violation prejudiced the opposing party's preparation for trial, and whether the client was blameless in the violation." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *International Transport Workers Federation v. Mi-Das Line SA*, No. 13-454, 2013 WL 1403329, at *8 (E.D. La. Apr. 4, 2013). Additionally, the Fifth Circuit requires

the imposition of "the least onerous sanction which will address the offensive conduct." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 899 (5th Cir. 1997).

**III.     Analysis**

Plaintiff avers that she has made very substantial efforts to obtain the depositions of Arroyo and Wecontinue. *See* R. Doc. 29-1, at 3. Plaintiff contends that the depositions are critical for her to challenge the Defendants' defenses. *Id.* Plaintiff argues that she needs to depose Arroyo to counter the Defendants' contention that he was not at fault, and that she needs to depose Wecontinue to explore the company's safety rules. *Id.* at 1.

Plaintiff contends that defense counsel has not provided any information pertaining to his efforts to locate Arroyo, despite the fact that Arroyo is a named defendant and is listed as a will call witness. *See* R. Doc. 38-2, at 2. Plaintiff argues that sanctions are appropriate given the Defendants' lack of due diligence; failure to follow the District Judge's instruction to produce Arroyo for deposition within 10 days of the December 18, 2014 pre-trial conference; and failure to adhere to the Plaintiff's repeated requests, including the agreed upon Consent Judgment. *Id.* Plaintiff further contends that an instruction to produce Wecontinue and Arroyo for deposition at this juncture would not be appropriate and would be a "reward" to the Defendants by allowing Arroyo to testify at trial. *Id.* at 3.

In opposition, Defendants contend that the sanction of dismissing defenses is too harsh and should be limited to instances of bad faith or willful abuse of the judicial process, which has not occurred here. *See* R. Doc. 37, at 4. Furthermore, Defendants assert that striking the defenses of comparative fault and third party fault appears unduly prejudicial considering that there was an eye witness to the accident, Kevin Martin, who has been deposed and whose testimony supports the defenses at issue. *Id.* Defendants contend that Martin has testified as to the location

of the Wecontinue vehicle that was operated by Arroyo and that a security guard at the impound lot waived Arroyo forward as if he was safe to do so. *Id.*

Defendants assert that after the Plaintiff filed her Motion to Compel, counsel for the Defendants contacted Plaintiff's counsel on March 23, 2015 because the parties never met and conferred and the Defendants did not receive the 30(b)(6) notice for the corporate deposition that was sent by certified mail. *Id.* at 2. Defendants represent that they agreed to enter into the Consent Judgment in lieu of the Motion to Compel because counsel for the Defendants believed that he could produce the witnesses for the depositions on May 1, 2015. *Id.*

Counsel for the Defendants contends that he made several attempts to contact Arroyo with the cellphone number provided, but he was unsuccessful. On April 28, 2015, counsel represents that he spoke with Sammy Badaway of Wecontinue and was informed that the company was out of business and Arroyo's whereabouts were unknown. *Id.* On that same date, counsel contends that Badaway agreed to be available for deposition in Newark, NJ on May 6, 2015 as a corporate representative of Wecontinue. *Id.* Counsel for the Defendants represents that he continued to make several attempts to locate Arroyo but he was unsuccessful. Then on May 1, 2015, Counsel represents he called Badaway numerous times on the same number he had previously been reached, but he was unsuccessful in reaching Badaway. *Id.* at 3.

Rule 37 provides for sanctions to be issued against a party for failure to comply with a court order; failure to disclose, supplement an earlier response, or admit; and failure to attend a deposition, serve answer to interrogatories or respond to request for inspection. *See* Fed. R. Civ. P. 37(b), (c), and (d). Here, the Plaintiff seeks sanctions for failure to honor the terms of the Consent Judgment. However, the Federal Rules of Civil Procedure do not provide for Consent Judgment and do not provide for sanctions for failure to adhere to a Consent Judgment. Furthermore, the Consent Judgment the Plaintiff avers was filed into the record on March 30,

2015 was marked by the Clerk of this Court as "Filed in Error." *See* R. Doc. 25. Therefore, the Plaintiff cannot seek sanctions for failure to comply with court order pursuant to the deficient Consent Judgment.

Beyond Rule 37, however, the Court can still issue sanctions pursuant to its inherent sanctioning power. The Supreme Court has proclaimed that "the sanctioning scheme of the statute and the rules [do not] displace[] the [Court's] inherent power to impose sanctions for [] bad-faith conduct." *Chambers*, 501 U.S. at 46 (1991). Thus, the Court can still sanction bad faith behavior even if it does not fall within the conduct enumerated in Rule 37.

"In order to impose sanctions against [a party] under its inherent power, a court must make a specific finding that the [party] acted in 'bad faith.'" *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998) (quoting *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995)) (internal quotation marks omitted). Furthermore, the Court has broad discretion "to fashion remedies suited to the misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). For severe sanctions, such as "striking pleadings or dismissal of a case," "a finding of bad faith or willful misconduct [is required]." *Id*. However, "[l]esser sanctions do not require a finding of willfulness." *Id*. (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n. 23 (5th Cir. 1993)).

During the hearing, counsel for the Defendants clarified the efforts he has made to contact Arroyo and Badaway. Counsel represented that the first time he ever tried to make contact with Arroyo was by letter. Counsel stated that he called Arroyo several times on his cellphone number, but has never actually spoke to him. Counsel further stated that he hired an investigator in January 2014 and that the investigator located Arroyo in Elizabeth, NJ where he took a recorded statement. Counsel, however, has not used an investigator to attempt to locate

6

Arroyo for the deposition and represented that he recently attempted to call the investigator but the investigator also did not returned his calls.

Moreover, counsel for the Defendants admitted that he agreed to the Consent Judgment, drafted the document, and filed it into the record. Counsel argued that he entered into the Consent Judgment because he believed that he could make contact with Arroyo, despite the fact that he never actually spoke to him and was only able to receive a recorded statement after he hired an investigator in January 2014.

When Plaintiff's counsel was asked who he believes is the cause of the problem, counsel stated that he believes it is ultimately the insurance company and that the insurance company should be subjected to sanctions. Counsel argued that the insurance company dictates the actions of counsel and that defense counsel has only done what his client has allowed him to do.

Despite Plaintiff's counsel's contention that the insurance company is at fault, the Court finds that the record indicates the opposite. Based on the record, counsel for the Defendants has failed to make contact with Arroyo, even though he represents Arroyo and planned to present Arroyo as a witness at trial. Counsel made a few attempts in the past to contact Arroyo, but his attempts were primarily limited to sending uncertified letters and unsuccessfully calling the same cellphone number. Counsel claims that he once hired an investigator to locate Arroyo, but counsel did not provide an affidavit evidencing this attempt. Additionally, counsel agreed to enter into a Consent Judgment that would, if enforceable, require him to produce Arroyo pursuant to a court order despite the fact that counsel was never successful in actually reaching Arroyo. Counsel treated the Consent Judgment as aspirational, rather than as an obligatory agreement. Based on the above, the Court would conclude that counsel for the Defendant is at fault for the failed attempt to depose the witnesses.

Nonetheless, counsel for the Plaintiff does not seek to hold defense counsel responsible for the failure. Conversely, counsel for the Plaintiff seeks to hold the insurance company responsible, even though counsel for the Defendant never stated that his attempts to produce the witnesses were stifled by his client. The goal of discovery is to ensure compliance, but in this case, sanctions against the insurance company would not promote the goal of compliance because the attorney is the reason for the problem at hand. As such, the Court concludes that sanctions are not appropriate in this matter and the Plaintiff's motion is denied as it was not sought regarding the lawyer's diligence.

### IV.   Conclusion

**Accordingly,**

**IT IS ORDERED** that Plaintiff's **Motion for Contempt (R. Doc. 29)** is **DENIED**.

New Orleans, Louisiana, this 26th day of June 2015.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**