UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUANITA STEEL | CIVIL ACTION |
| VERSUS | NO: 14-27 |
| ARI MUTUAL INSURANCE CO.; WECONTINUE AUTO TRANSPORT, LLC; AND ROBERTO ARROYO, JR. | SECTION: "S" (4) |

## OPINION

Plaintiff, Juanita Steel, appeals the United States Magistrate Judge's Order (Doc. #49) denying her Motion for Contempt (Doc. #29). See Doc. #50. For the reasons explained herein, the ruling of the United States Magistrate Judge is **OVERRULED**, and this court will impose the sanction of preventing Roberto Arroyo, Jr. from testifying at trial.

## BACKGROUND

Before the court is plaintiff's appeal of the United States Magistrate Judge's Order denying her motion for contempt.

Plaintiff, Juanita Steel, filed this action in the Civil District Court, Parish of Orleans, State of Louisiana against defendants, ARI Mutual Insurance Company, WeContinue Auto Transport, LLC and Roberto Arroyo, Jr., alleging claims for damages stemming from an automobile accident. Defendants removed the action to the United States District Court for the Eastern District of Louisiana alleging diversity subject-matter jurisdiction. As explained in the United States Magistrate Judge's Order denying plaintiff's motion for sanctions plaintiff alleges:

> This action arises out of a three car collision on July 24, 2013[,] involving the Plaintiff and Rober[to] Arroyo, Jr., who was driving a WeContinue vehicle and was allegedly acting within the scope of his employment for WeContinue at the time of the collision. See R. Doc. 1-2, at 4. Plaintiff alleges that she was stopped in her vehicle waiting to enter the impound lot on the property of Insurance Auto Auction when the 18-wheeler truck, driven by Arroyo, collided into the back

> of her car and pushed her car into the car in front of her. *Id*. Plaintiff alleges that the impact caused her to be thrown about the car resulting in her suffering multiple personal, psychological and emotional injuries. *Id.*

In their answer, defendants raise the defenses of comparative fault and third-party fault. They contend that an eye witness to the accident, Kevin B. Martin, testified at his deposition as to the location of the vehicles involved, and that a security guard waved Arroyo forward as if he were safe to move his vehicle.

Throughout discovery in this litigation, plaintiff sought to depose Arroyo. She contends that obtaining Arroyo's version of the facts of this case is essential. A pretrial conference was held on December 18, 2014, at which plaintiff's counsel informed the court that Arroyo was listed on defendants' "will call" witness list, but had not been made available for deposition. The court directed defense counsel to make Arroyo available for a deposition within ten days. The deposition did not occur because the parties mutually agreed to continue the trial to July 27, 2015.

On March 17, 2015, plaintiff filed a motion to compel Arroyo's deposition. The motion was set for hearing before the United States Magistrate Judge on April 1, 2015. However, on March 30, 2015, the parties entered into a consent judgment whereby they agreed that Arroyo and a representative of WeContinue would be available for depositions in New Jersey on May 1, 2015. As a result, the motion to compel was denied as moot.

After entering into the consent judgment, the attorneys agreed that May 6, 2015, would be a more practical day for the depositions. On May 4, 2015, defense counsel informed plaintiff's counsel that he was unable to contact Arroyo, and the WeContinue representative would not return his telephone calls. The parties agreed that it would be futile to travel to New Jersey because nobody was going to appear for depositions on May 6, 2015. On May 11, 2015, plaintiff filed a

motion for contempt under Rule 37 of the Federal Rules of Civil Procedure asking the court to strike defendants' affirmative defenses of comparative fault and third-party fault, and strike Arroyo from defendants' witness list. Plaintiff argued that sanctions are appropriate under Rule 37(d) because Arroyo and WeContinue failed to appear for their depositions.

Defendants opposed the motion arguing that sanctions are not appropriate because, when the consent judgment was entered, defense counsel, "felt he could produce the witnesses for deposition" by the appointed date. Defense counsel then explained his attempts to contact Arroyo and the WeContinue representative, and that by May 4, 2015, it was obvious that neither proposed deponent would contact defense counsel or appear for the depositions. Defendants also argued that the sanction of dismissing a defense should be limited to cases of bad faith or willful abuse of the judicial process, and that validity of the defenses is supported by Martin's deposition testimony. Further, defendants argued that the motion should be denied because plaintiff failed to attach the Rule 37(d)(1)(B) certification demonstrating a good faith effort to confer.

After hearing oral argument the United States Magistrate Judge denied the motion for contempt, relying on Rule 37(b), which permits the court to impose sanctions when a party fails to comply with a court order regarding discovery. She reasoned that plaintiff sought "sanctions for failure to honor the terms of the Consent Judgment[,]" but sanctions are not available under the Federal Rules of Civil Procedure for failure to adhere to a consent judgment. She also discussed the court's inherent power to sanction a party. She declined to impose such sanctions finding that it was the defense attorney's fault the depositions did not occur because he did not put enough effort into contacting his clients, but plaintiff had requested sanctions against defendants, not the attorney. She also noted that there was no bad faith on the part of ARI Mutual.

Plaintiff filed an appeal of the United States Magistrate Judge's Order arguing that her ruling was clearly erroneous because she relied on Rule 37(b).  Plaintiff contends that sanctions are available under Rule 37(d) for a party's failure to appear for its own deposition.

Defendant argues that the United States Magistrate Judge's Order was not clearly erroneous because there was no court order compelling the depositions, plaintiff did not attach to the motion a certificate stating that the parties met and conferred regarding the depositions prior to her filing the motion for sanctions, and there was no bad faith on ARI Mutual's part regarding Arroyo's and WeContinue's failure to appear for the depositions.

## ANALYSIS

**A.   Standard of Review**

"The Federal Magistrates Act grants district courts authority to assign magistrates certain described functions as well as such additional duties as are not inconsistent with the Constitution and laws of the United States." Peretz v. United States, 111 S.Ct. 2661, 2663 (1991) (internal quotation and footnote citation omitted).  Pursuant to 28 U.S.C. § 636(b)(1)(A), a district judge may designate a magistrate judge to hear any pretrial matter pending before the court, with a few exceptions.  The district judge reviews the magistrate judge's orders on nondispositive pretrial matters assigned under subparagraph A on a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); see Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992). This highly deferential standard requires the court to affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

4

**B.      Rule 37 of the Federal Rules of Civil Procedure**

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions for the failure to participate in discovery. Rule 37(d) permits the court where the action is pending to impose sanctions, when a party, after being served with proper notice, fails to attend its own deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). When a party fails to respond to interrogatories or a request for production of documents, the party seeking sanctions must include with the motion a "certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Id. at Rule 37(d)(1)(B); see also 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2291 (3d ed. 2015). However, the certification requirement does not apply when a party fails to appear for a deposition. 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2291 (3d ed. 2015). The sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; [or]
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(i)-(vi). Further, the "[i]nstead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to

pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id. at Rule 37(d)(3).

In this case, the United States Magistrate Judge's Order denying the imposition of sanctions was clearly erroneous because she relied on Rule 37(b). Rule 37(d) permits the imposition of sanctions when a party fails to appear for its deposition, and the "meet and confer" certificate is not required. See id. at Rule 37(d). The appropriate sanction in this case is to preclude Arroyo from testifying at trial because plaintiff was not able to depose him. The court declines to impose attorneys' fees on defendants or defense counsel because plaintiff did not request attorneys' fees.

## CONCLUSION

The United States Magistrate Judge's June 26, 2015, Order denying plaintiff's Motion for Contempt (Doc. #49) is **OVERRULED**, and this court will impose the sanction of preventing Roberto Arroyo, Jr. from testifying at trial.

New Orleans, Louisiana, this __17th__ day of July, 2015.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

6